UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL FOOTBALL LEAGUE,<br><br>    Defendant. | Civil Action No. 25-3115 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe says that he is a Black man who has looked on with disgust, humiliation, and anxiety as the National Football League has discriminated against Black quarterbacks and coaching candidates and meted out harsher discipline to Black players. See ECF No. 1 (Compl.), ¶¶ 22–30, 36–43, 46–52, 54, 57–66. He has finally had enough. So he is suing the league for violating the DC Human Rights Act, the DC Consumer Protection Act, DC's law barring businesses from racial discrimination, Title VII, and the Sherman and Clayton Acts, as well as negligence and intentional infliction of emotional distress. Id. at ECF pp. 36–37, 42–45, 47–48. He wants declaratory and injunctive relief, plus $100 million in compensatory damages and $500 million in punitive damages. Id. at ECF pp. 52–53; id., ¶ 120. And he now moves to sue under a pseudonym. See ECF No. 3 (Mot.). The Court will deny the Motion.

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

1

governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

**II.   Analysis**

Plaintiff has not shown that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.

Start with whether this case concerns "a matter of a sensitive and highly personal nature." Id. at 326 (cleaned up).  Plaintiff says that it does because allegations of racial discrimination are necessarily sensitive and personal.  See Mot. at 2.  But he does not allege that the NFL discriminated against him.  Instead, his Complaint collects examples of alleged discrimination

against other people: NFL players and coaches.  See Compl., ¶¶ 22–30, 36–43, 46–52, 57–66.  Those incidents — from the Colts starting White quarterback Daniel Jones over Black backup Anthony Richardson, id., ¶ 22(a), to the Commanders hiring White head-coaching candidate Dan Quinn over Black candidate Eric Bienemy, id., ¶ 42 — are all matters of public record, announced at press conferences and blasted out through ESPN alerts.  They may be controversial.  They are not sensitive and personal.

Next, "whether identification poses a risk of retaliatory physical or mental harm."  Sealed Case, 971 F.3d at 326.  Even when a plaintiff fears retaliation, this factor weighs against pseudonymity if those fears are speculative and unsubstantiated.  See Doe v. Rollins, 2025 WL 2623225, at *2 (D.D.C. Sep. 11, 2025).  Such is the case here.  Plaintiff claims that the NFL commands enough money, power, and attention to hurt him, see Mot. at ECF p. 4, but he gives no reason to think that it would.  Indeed, Plaintiff does not seem to be an NFL player, coach, or employee, so it is not clear how the league could retaliate against him even if it wanted to.  See Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) (substantiated risk of professional harm suffices for this factor).  Instead, he claims that fellow Black men Colin Kaepernick and Deshaun Watson were threatened when they ran afoul of the NFL.  See Mot. at ECF pp. 4–5. Whether Plaintiff would attract the same public ire as those household names is sheer conjecture.  His bare assertions that racial tensions show that any Black man who sues the NFL would face threats of violence are similarly speculative.  Id. at ECF pp. 3–4.  This factor cuts against him.

Turning to the ages of the people with relevant privacy interests, Plaintiff has three 17-year-old sons who are all striving for college football scholarships.  Id. at ECF p. 3.  Identifying

Plaintiff might identify them, so this factor favors pseudonymity. Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023).

As for the defendant's identity, this factor weighs against pseudonymity when a plaintiff sues a private, as opposed to a governmental, defendant. Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014). The NFL is a private business, so this factor goes against Plaintiff.

Finally, whether letting Plaintiff proceed pseudonymously would prejudice Defendant. Plaintiff is willing to disclose his name to defense counsel, see Mot. at ECF p. 7, so this factor favors pseudonymity.

Plaintiff's suit does not implicate any sensitive and personal information about himself, he has shown no credible risk of retaliation, and he is suing a private defendant. While disclosing his name might intrude on his minor children's privacy and letting him proceed pseudonymously would not prejudice Defendant, those facts do not tip the balance. The Court will deny his Motion.

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Proceed Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing his Complaint on the public docket using his real name, and, if so, he shall also file his [3] Motion on the public docket as an exhibit to the Notice;

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

|  |  |
|---|---|
|  | /s/ *James E. Boasberg* |
|  | JAMES E. BOASBERG |
|  | Chief Judge |
| Date: September 25, 2025 |  |